IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PROLINE MATERIALS, INC., a Texas corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | Case Number CIV-13-156-C |
| PROLINE PRODUCTS, LLC., an Oklahoma limited liability company, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Proline Materials, Inc., filed the present action asserting a number of claims for relief related to its business relationship with Defendant Proline Products, LLC. Defendant filed a counterclaim seeking declaratory relief. After discovery was complete, the parties filed cross-motions for summary judgment. The Court granted Defendant's motion for summary judgment, eliminating each of Plaintiff's claims with the exception of Plaintiff's claim that Defendant had overcharged Plaintiff for raw material costs. The Court also granted Defendant summary judgment on its two counterclaims. First, the Court found that because the contract between the parties had been terminated, Defendant was not prohibited from conducting business in the state of Texas. Secondly, the Court found that Plaintiff had breached the agreement by competing with Defendant in the state of Texas within the 18-month period following termination of the contract. The Court held there existed disputes of fact regarding any damages owed to Plaintiff for the raw materials overcharges and the damages, if any, from the violation of the non-compete clause.

On June 23, 2014, the Court conducted a non-jury trial to resolve the above factual disputes. At that trial, the parties announced an agreement had been reached regarding the issue of raw

material overcharges brought by Plaintiff. Accordingly, the parties stipulated that the only issue remaining for trial was Defendant's claim for damages for breach of the non-compete agreement. Following completion of the non-jury trial, the parties submitted additional evidence and argument through briefs.

Defendant seeks in excess of $2 million, arguing it is entitled to recover the amount of profit earned by Plaintiff for its sales arising from breach of the non-compete clause. As an alternative theory, Defendant argues it should recover the royalty payments it would have received on those sales had they occurred under the terms of the parties' contract. Plaintiff, on the other hand, argues there are no damages, asserting that Defendant failed in its burden of proof. In the alternative, Plaintiff challenges the manner and amounts calculated by Defendant in its alternative theories. The Court finds that Defendant offered sufficient proof to entitle it to damages. The Court finds it unnecessary to decide which of Defendant's two theories is correct, as both theories would award damages in excess of the amount set by the terms of the parties' contract.

When it filed its answer, Defendant raised a counterclaim requesting a declaratory judgment that Plaintiff had terminated the agreement in 2012. In raising this claim, Defendant referenced Section 14 of the parties' agreement. Then, its motion for summary judgment, Defendant asserted as an undisputed fact that Section 14 outlines the circumstances whereby a party could terminate the agreement and that Plaintiff had sent a November 5, 2012, letter which expressly invoked Section 14 of the Distributorship Agreement. Defendant then argued that the Distributorship Agreement had been terminated pursuant to the terms of Section 14. When the Court entered judgment, finding that Plaintiff had terminated the contract by its letter in 2012, it relied on Defendant's assertions regarding Section 14.

These facts are of particular importance here because Section 14 also includes a limitation of damages clause. That clause states, "Except as provided herein, termination under this section shall not impose any liability whatsoever, including but not limited to any damages or claims of any nature, on any party to this agreement in excess of $20,000.00." (Pl.'s Compl., Dkt. No. 1, Ex. 1, at 10.)

Plaintiff argues this limitation of damages applies to the amount sought by Defendant for its claim of breach of the non-competition clause. Defendant argues that Plaintiff cannot rely on Section 14 because it did not raise the issue in the Pretrial Order. The parties briefly addressed this argument at trial and the Court noted it would take the issue under advisement. After considering the positions of the parties, the Court finds that any failure by Plaintiff to include the limitation of damages clause in the Pretrial Order was not prejudicial to Defendant's presentation of the case. As noted above, Defendant was well versed in the language of the parties' agreement. Indeed, the testimony at trial was that Defendant's principal drafted the agreement with the advice of his counsel and that it was presented to Plaintiff as a take-it-or-leave-it deal. Additionally, as Defendant has relied upon that portion of the agreement to obtain affirmative relief, it certainly is not prejudicial to expect Defendant to abide by the terms of that paragraph when it runs against it.

Defendant also argues that the limitations clause does not apply as, by its plain language, it is limited solely to any damages that could occur from the termination of the agreement, and that its claim here is for damages arising from actions taken by Plaintiff outside of the scope of any termination.

The Court finds that the clause is not as narrow as suggested by Defendant, and that it means exactly what it says and that is "any damages or claims of any nature." See Pitco Prod. Co. v. Chaparral Energy, Inc., 2003 OK 5, ¶ 14, 63 P.3d 541, 545-546 ("The language in a contract is to be given its plain and ordinary meaning unless some technical term is used in a manner intended to convey a specific technical concept."). Thus, by its very language, the limitations clause applies to Defendant's claims. Even were the Court to find the phrase ambiguous in its reach, as the party who drafted the agreement, any ambiguity would be construed against Defendant. See King-Stevenson Gas & Oil Co. v. Texam Oil Corp., 1970 OK 45, ¶ 22, 466 P.2d 950, 954 ("an ambiguity in a contract should be resolved against the party who drew it") (citing Bay Petroleum Corporation v. May, 1955 OK 201, 286 P.2d 269). In that light, the damage limitation clause reaches the claims brought by Defendant here.

For the reasons set forth herein, the Court finds that Defendant Proline Products, LLC, is entitled to recover damages from Plaintiff Proline Materials, Inc., in the sum of $20,000.00 for Plaintiff's breach of the non-competition clause in the parties' agreement. Additionally, as announced at the beginning of the bench trial, Plaintiff Proline Materials, Inc.'s Motion in Limine (Dkt. No. 39) is MOOT. A separate judgment will issue.

IT IS SO ORDERED this 7th day of August, 2014.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge

4